Judge Owslkv
delivered the opinion.
This suit was brought by Clay in the Fayette . circuit court on a joint note given to Clay by Uriel Sebree, Richard M. Job son, James Johnson, William Ward, Robert J. Ward, Benj Johnson, and John T. Mason.
The writ issued on the 4t li of December, 1819, against all the obligors, directed to the sheriff of Fayette, and was returned by the sheriff executed on Sebree, Benj. Johnson, and John T. Mason, and Richard M Johnson, James Johnson, and R. Ward and William Ward, were returned no inhabitants.
On the same dlb day of December, another writ issued against all tbe obligors, directed to the sheriff of Scott, but by an endorsement on the writ, it was directed to be served o.n Sebree,, James Johnson, Robert 8Bd William Ward *553 only, process having issued to another county against the other defendants. This writ was returned by the sheriff, executed. After this and on the 19th of May, 1820, an alias writ issued against all the obligors, directed to the sheriff of Fayette, but endorsed to be served on Richard M. Johnson, only ; and on this writ the sheriff returned, Richard M. Johnson, no inhabitant of Fayette but of Scott.
On a joint bond by several, the return of “no inhabitant,” as to one jus. ¡fies an abatement as to him and judgment as to the others.
At the term to which this writ was returnable, the. defendants failing to appear, the suit was abated by the Sheriff’s return, as to Richard M. Johnson, and judgment taken by default against the other defendants.
To reverse that judgment this writ of error with super-sedeas has been prosecuted.
Whether or not, under the stale of proceedings, it was regular to abate the suit as to Richard M Johnson, and take judgment against the other defendants, is the only question made by toe assignment of errors.
Unless the circumstance of a writ having issued to Scott alters the case, it is evident the suit was regularly abated as to Richard M, Johnson. For on the writ which issued to Fayette, the sheriff returned Richard M Johnson no inhabitant, and by an act of the legislature of this country, it is expressly declared that on such a return against one of several joint defendants, the suit may be abated as to the absent defendant and judgment taken against those on whom the process may have been executed.
And the circumstance of a writ having issued to Scott, as it was directed not to be served on R. M. Johnson, we apprehend does not affect the regularity of the abatement as to Richard M. Johnson. If, from any thing contained in the record, it Could be known that R. M. Johnson was residing in Scott when the writ issued to that county, we should be of opinion, that the process ought to have been served on him before the judgment was taken against the other defendants. For, as on a joint obligation, process must regularly go against all of the obligors, it would have been irregular not to have caused R. M. Johnson to be served with process, if the suit had been commenced in the county of Scott; so when under the statute of this country the plaintiff causes a writ to issue from one county directed to another county, all of the defendants residing in the county, to which the writ is sent, ought to be served with process. But there is nothing in this cause from which the court can judicially know that R. M. Johnson *554 resided in the county of Scott, when the writ which was sciltt0 coun,J emanated.
Crittenden, Hoggin 8f Bibb, for plaintiffs, Hardin and Pope, contra.
it is true, the sheriff of Fayette, on the first writ which was directed to him, returned Johnson no inhabitant, and and on the last writ returned him an inhabitant of Scott ; but Johnson may not have been an inhabitant of Fayette when the first writ issued, and yet not then a resident of Scott ; and he may have resided in Scott at the return of the last writ, and yet not have resided there when the first writ issued.
The judgment must be affirmed with cost and damages.